CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 10 2017

JULIA C. DUDLEY, CLERK
BY:  s/ H. MCDONALD
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
DANVILLE ~~ROANOKE~~ DIVISION
Federal Courthouse
~~210 Franklin Road~~
~~Roanoke, Virginia 24011~~

**BRIAN H. CLARK,**

Plaintiff,

v.

Civil Action No. ~~7:16-cv~~ __4:17CV00045__

**ROB COLEMAN**
Lieutenant, Sheriff's Office
Patrick County, Virginia
742 Commerce Street
Stuart, Virginia 24171

**GERI S. HAZELWOOD**
County Administration Building
Patrick County, Virginia
106 Rucker Street
Stuart, Virginia 24171

**DANIEL M. SMITH**
Sheriff, Patrick County, Virginia
742 Commerce Street
Stuart, Virginia 24171

**OFFICER DOES**
Sheriff's Office
Patrick County, Virginia
742 Commerce Street
Stuart, Virginia 24171,

Defendants.

## COMPLAINT

Plaintiff, Brian H. Clark ("Brian Clark"), by counsel, sets forth to the Court the
following:

1

# I.   Preliminary Statement

1.   *This case is brought pursuant to Brian Clark's rights under federal law and not under any Virginia state law.  On July 6, 2017, Brian Clark filed in the Virginia Supreme Court a petition for a writ of prohibition ("In Re: Brian H. Clark") seeking – pursuant to state law  – removal of an indefinite order by the Respondent in that petition, the Honorable Martin F. Clark, Jr., Judge of the Circuit Court of Patrick County, Virginia ("Judge Clark"), which requires that Brian Clark give 24 hours advance notice or be accompanied by his legal counsel in order to enter the Clerk's Office of the Circuit Court of Patrick County, Virginia ("the clerk's office").  That order by Judge Clark ("Judge Clark's order") effectively requires Daniel M. Smith, Sheriff of Patrick County, Virginia ("Sheriff Smith"), to enforce its terms through the sheriff's deputies who control entry into the Courthouse of Patrick County, Virginia (in which the clerk's office is located).  As a result of Judge Clark's order, Sheriff Smith's deputies may not allow Brian Clark into the clerk's office unless he has given 24 hours advance notice or is accompanied by his legal counsel.  This complaint joins Sheriff Smith as a defendant as to Count Four, in which Brian Clark seeks a declaratory judgment that Sheriff Smith may not enforce Judge Clark's order.  In Count Three, Brian Clark avers that enforcement of Judge Clark's order violates Brian Clark's rights (a) to free speech under the First Amendment of the U.S. Constitution ("the federal constitution"); (b) to due process under the federal constitution; (c) against double jeopardy under the Fifth Amendment to the federal constitution.  Thus, Brian Clark seeks the same relief in two actions, (a) his petition for a writ of prohibition filed in the Virginia Supreme Court, based on state law; and (b) this complaint, based on federal law, seeking, in Count Three, a declaratory judgment.*

# II.   Jurisdiction

2.   This Court has jurisdiction in this case pursuant to 42 U.S.C. Section 1983, which

provides as follows:

Every person who under any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress….

# III.   Parties

3.   Brian Clark is a natural person who is a citizen of the United States and a resident of the

Commonwealth of Virginia.  At all times relevant to this case, Brian Clark has resided in

Henry County, Virginia, which adjoins Patrick County, Virginia.  At all times relevant to

this case (a) Brian Clark has owned land in Patrick County, Virginia; and (b) his son has been a student in the public schools of Patrick County, Virginia.

4.    Rob Coleman ("Lieutenant Coleman") is a natural person who is a lieutenant in the Sheriff's Department of Patrick County, Virginia.

5.    Geri S. Hazelwood ("Hazelwood") is a natural person and the Assistant County Administrator of Patrick County, Virginia.

6.    Daniel M. Smith ("Sheriff Smith") is a natural person and the sheriff of Patrick County, Virginia.

7.    Officer Does are officers in the Sheriff's Department of Patrick County, Virginia whose identities are presently unknown to Clark.

### IV.    Venue

8.     Venue is proper in this Court because this case involves breaches of federal civil rights of Brian Clark which occurred in Patrick County, Virginia.

### V.    Facts

### *Facts Applicable to All Counts*

9.    Beginning in 2013, Brian Clark became a party in litigation in the Circuit Court of Patrick County, Virginia, which, over time, expanded to involve multiple parties and included one appeal to the Virginia Supreme Court.  Some of that litigation remains pending in the Circuit Court of Patrick County, Virginia. During the time between 2013 and the present, the parties of record opposing Clark in this litigation in the Circuit Court of Patrick County, Virginia have included Branch Banking & Trust Company ("BB &T"), Charlie M. Fain ("Fain"), and Brian Clark's estranged wife, Jackie Fain Clark ("Jackie Clark").  Brian Clark is also a party in a divorce case in the Circuit Court of

Henry County, Virginia between Jackie Fain and him.

10. Beginning in 2013, Clark and some public officials and employees in Patrick County,

Virginia developed some differences, which escalated over time.

11. Some of those differenced resulted from statements by Brian Clark that were critical of

Patrick County public officials.  Those critical statements included but were not limited

to emails attached as Exhibits F and G of Exhibit 4 of this complaint.

**Count One:  Action Against Hazelwood Action under Color of State Law to Deprive of and Retaliate for Exercise of Rights of (A) Free Speech and (B) to Petition the Government; Seeking Compensatory and Punitive Damages and Attorney's Fees.**

12. In December 2015, Hazelwood wrote a "no trespass notice" addressed to Brian Clark

which informed him that he was prohibited from going into a building owned by the

government of Patrick County, Virginia located at 106 Rucker Street, Stuart, Virginia

24171 ("the Patrick County administrative building"), which building, at all times

relevant to this case, has housed administrative offices of Patrick County, Virginia;  the

General District Court of Patrick County, Virginia; and the Juvenile and Domestic

Relations General District Court of Patrick County, Virginia; and has been the location

for meetings of the Board of Supervisors of Patrick County, Virginia ("the board of

supervisors").

13. As a result of such trespass notice, Brian Clark was prevented for a period of more than a

year and a half from the opportunity to attend any meeting of the board of supervisors,

even though he owns land in Patrick County, Virginia and has a son who attends public

school in that county.  As a result, during that time, Brian Clark was prevented from any

opportunity to petition the board of supervisors during the meetings of that board, such as

during public comment period, and, therefore, was denied his right to petition the

4

government, despite the guarantee of the First Amendment of the U.S. Constitution to be allowed to do so.

14. As a further result of such trespass notice, Brian Clark was prevented from attending a trial of Denise Freeman ("Freeman") as a witness on her behalf in the General District Court of Patrick County, Virginia on August 23, 2016 which trial was conducted at 106 Rucker Street, Stuart, Virginia. Fortunately, Freeman was found not guilty. .

15. The motive of Hazelwood to send such "no trespass notice" to Brian Clark was, at least in material part, by anger and resentment towards Brian Clark because Brian Clark had previously exercised his right to petition the government by attending a meeting of the board of supervisors and, during a citizens comment period, had stated strong criticism towards the Commonwealth's Attorney of Patrick County, Virginia and thereby had exercised his right of free speech guaranteed by the First Amendment to the United States Constitution and his right under the same to petition the government in a way which Hazelwood (and others) did not like.

16. The action by Hazelwood in causing Brian Clark to be banned from the said public building constituted retaliation against Brian Clark for exercise of his constitutional rights to petition the government and for exercise of free speech, both guaranteed by the First Amendment to the U.S. Constitution.

17. The said action by Hazelwood was deliberate, intentional, willful, wrongful, oppressive, and malicious and constituted use of color of state law by Hazelwood to deprive Brian Clark of his rights under federal law, as the same is defined In 42 U.S.C. Section `1983.

18. On October 15, 2016, Brian Clark, by counsel, wrote the County Attorney of Patrick County, Virginia, requesting the removal of the said ban against Clark going onto the said

public building.  A copy of that letter accompanies this complaint marked "Exhibit 1."

19.    On November 12, 2016, Brian Clark's counsel again wrote the Patrick County Attorney, again requesting removal of the said ban.  A copy of that letter accompanies this complaint marked "Exhibit 2."

20.    On November 30, 2016, the County Attorney of Patrick County, Virginia wrote a letter to Brian Clark's attorney rescinding the aforesaid ban.  A copy of that letter accompanies this complaint marked "Exhibit 3."

21.    During the period between December 23, 2015 and November 30, 2016, the aforesaid ban against entry on the public building located at 106 Rucker Street, Stuart, Virginia 24171 remained in effect.

22.    As a proximate result of the aforesaid use of color of state law by Hazelwood to retaliate against Brian Clark for his exercise of his right to petition the government for redress of grievances and to exercise free speech, both guaranteed by the First Amendment to the U.S. Constitution, during the period from December 23, 2015 until November 30, 2016, Brian Clark sustained the following damages:

    A.    He was deprived of the right to petition the government, specifically the board of supervisors of Patrick County, Virginia.

    B.    He was deprived of his right to free speech.

    C.    Because of the retaliation against him for his prior exercise of his rights to petition government and to exercise free speech, he was deprived of the right to enter into a public building for purposes including testimony as a witness for the defense in a traffic case.

    D.    He suffered emotional distress, including public shame, public ridicule, anger,

loss of sleep, fear, loss of appetite, irritation with others. difficulties in

relationships with others, and the loss of the normal enjoyments of daily life.

E.      Substantial inconvenience.

23.   As a result of the facts recited in this Count of this complaint, Clark is entitled to entry of

a judgment in his favor against Hazelwood for compensatory damages.

24.   As a result of the facts in this Count of this complaint, there are grounds for this Court to

enter a judgment in Brian Clark's favor against Hazelwood for punitive damages.

25.   As a result of the facts set forth in this Count of this complaint, there are grounds for the

Court to enter an order requiring Hazelwood to pay the reasonable attorney's fee of Brian

Clark's legal counsel for preparing, filing, and maintaining this Count of this complaint.

**Count Two:  Action against Coleman and Officer Does for Brief and Malicious Deprivation
of Liberty Under Color of State Law; Seeking Compensatory and Punitive Damages and
Attorney's Fees.**

26.   Brian Clark re-avers the facts set forth in Count One of this complaint, except for the

averments as to remedy.

27.   On July 25, 2017 Brian Clark was in the courtroom of the Circuit Court of Patrick

County, Virginia as a civil party litigant.

28.   While Brian Clark was in such courtroom during such case, a group of officers of the

Patrick County Sheriff's Office were in the courthouse of that court discussing Brian

Clark.

29.   Those who engaged in that discussion included Lieutenant Coleman and Officer Does of

the Sheriff's Department of Patrick County, Virginia.

30.   During that discussion among such law enforcement officers, the statement was made

among the officers involved in such discussion that the officers were going to "take

down" Brian Clark.  This statement was heard by someone personally close to Brian Clark who was not recognized by such officers as having any relationship with Brian Clark.

31.    The said statement that law enforcement officers intended to "take down" Brian Clark was an expression of hostility and malice towards Brian Clark with expression of intent to act under color of state law (the governmental law enforcement power of law enforcement officers of the Sheriff's Department of Patrick County, Virginia) wrongfully, willfully, oppressively, and maliciously to deprive Brian Clark of his rights under federal law as a U.S. Citizen.

32.    The said statement that law enforcement officers intended to "take down" Brian Clark was motivated by an intent to deprive Brian Clark briefly of his federal constitutional right of freedom from deprivation of liberty (without due process of law) with a motive to achieve for the members of the sheriff's department of some partial satisfaction of the hostility that those engaging in such discussion had towards Brian Clark and as a means of expressing some of the malice harbored towards Brian Clark by some of those engaging in such conversation.

33.    Soon after the end of the aforesaid court hearing on July 25, 2016, Brian Clark was a front seat passenger in an automobile driven by his sister, Beth Richardson ("Richardson") in the town of Stuart, Virginia, in Patrick County, Virginia.

34.    At that time, Lieutenant Coleman and Officer Does were in police cars to the rear of the vehicle operated by Richardson.

35.    Lieutenant Coleman and Officer Does, under color of state law as law enforcement officers on duty, used police lights on their law enforcement vehicles to signal for

Richardson to stop the vehicle she was operating (in which Brian Clark was a passenger.)

36.   In signaling for Richardson to stop the said vehicle, Lieutenant Coleman and Officer Does were not engaged in legitimate police activity, rather were beginning to act out their intent to "take down" Brian Clark in partial satisfaction of their hostility towards Brian Clark and in partial expression of their malice towards him.

37.   In response to the police lights operated by Lieutenant Coleman and Officer Does, Richardson brought the vehicle she was operating to a stop, after pulling into a driveway towards a funeral home (located in the vicinity of Richardson's vehicle when Lieutenant Coleman and Officer Does signaled for her to stop the vehicle she was driving).

38.   Once Richardson had brought such vehicle to a stop.  Neither Lieutenant Coleman nor any of the Officer Does went to the driver's side of the said vehicle to speak to Richardson, and no police officer came to the driver's side of the said vehicle and none of them spoke to Richardson.

39.   Instead, one of the said officers went to the passenger side of the said vehicle and signaled for Brian Clark to roll down the window of the passenger side of the vehicle.

40.   In response, Brian Clark rolled down the said window. .

41.   After Brian Clark had rolled down such window, one of the said law enforcement officers of the Sheriff's Office of Patrick County, Virginia called on Brian Clark to provide identification (although all of the said officers involved in the said stop of the said vehicle knew who Brian Clark was and had no need to obtain any identification from him and although Brian Clark (a) was not involved in any way in the operation of the said vehicle or (b) involved in any activity that was either illegal, or giving suspicion of any illegality. Further, at that time and place Lieutenant Coleman and Officer Does all knew that their

purpose for making such stop was not based on any legitimate police business, was not based on anything Brian Clark had done to give any probable cause to limit his freedom of action or to detain him to accomplish any legitimate law enforcement business.

42. Brian Clark reached in his wallet and obtained his driver's license and showed it to the said law enforcement officer.

43. The said law enforcement officer took Brian Clark's driver's license from him, acting as if he was not sure who Brian Clark was, although, in fact, all of the law enforcement officers involved in the stop of the said vehicle knew who Brian Clark was.

44. The said law enforcement officer took Brian Clark's driver's license back to a law enforcement vehicle in a pretense of checking Brian Clark's identity and police record, although, in fact, all of the law enforcement officers involved in such activity at that time knew who Brian Clark was and knew that he had no recent or significant traffic violation history, and, furthermore, because Brian Clark was not driving the said vehicle, the said law enforcement officers had no need or legitimate reason to need Brian Clark's driver's license or to check his driving record or any other public record. The law enforcement officers engaged in that traffic stop were not engaged in any legitimate law enforcement action, rather had stopped the said vehicle as a means of harassing Brian Clark, in order to detain his freedom (for no legitimate reason) to stop him for a brief time to use their police authority to exercise power over Brian Clark briefly to deprive him of the liberty to go on his lawful way about his lawful business.

45. Lieutenant Coleman and Office Does required Brian Clark and Richardson to remain in the vehicle in a stopped position for a period of about twenty minutes, not to perform any legitimate law enforcement activity, but to harass Brian Clark as a way of expressing, to

some degree, their hostility and malice towards Brian Clark.

46.     After about twenty minutes, one of the Officer Does handed Brian Clark a "No trespass"

notice, from Kenneth Trent ("Trent"), a resident of Patrick County, Virginia, as if such

was a legitimate law enforcement activity. However, it was not a legitimate law

enforcement activity.  The said 'no trespass" notice from was the same "no trespass"

notice from Trent that the Sheriff's office of Henry County had previously caused to be

served on Brian Clark.  When one of the Officer Does obtained and handed the said "no

trespass" notice to Brian Clark, that officer, Lieutenant Coleman, and all the Officer Does

knew that the action of handing Brian Clark such a "no trespass" notice was a pretext and

a sham, engaged in as part of a harassment of Brian Clark, to deprive him of liberty for a

brief time in order partially to satisfy the hostility and malice that the said law

enforcement officers, including Lieutenant Coleman, felt towards Brian Clark.

47.     When one of the Office Does obtained and handed the said "no trespass" notice to Brian

Clark, that officer, Lieutenant Coleman, and all the Officer Does knew the same said "no

trespass" notice had previously been served on Brian Clark.

48.     Only after such period of about twenty minutes and only after such petty harassment and

pretext of serving a "no trespass" notice on Brian Clark (which was the same "no

trespass" notice that the Sheriff's Department of Henry County, Virginia had already

served on Brian Clark) did the law enforcement officers at the same location, Lieutenant

Coleman, and Officer Does, allow Richardson to drive the vehicle she was driving to

continue on her way with Brian Clark.

49.     The actions of Lieutenant Coleman and Officer Does recited herein above in this Count

of this complaint were intended to harass and annoy Brian Clark and to deprive him

briefly of liberty on a pretext of legitimate law enforcement activity.  The said actions did not constitute legitimate law enforcement activity, but constituted, instead, deliberate, intentional, willful, wrongful, and malicious misuse of law enforcement power to deprive Brien Clark briefly of his liberty as a means of harassing him and succeeded in so depriving him briefly of liberty and succeeded in harassing him.

50.    As a result of the foregoing wrongful use of color of state law to deprive Brian Clark of his rights as a U.S. Citizen of freedom and his normal liberty of action, Brian Clark sustained the following damages:

    A.    He was briefly deprived of liberty for no just cause.

    B.    He sustained emotional distress, including humiliation, chagrin, a sense of helplessness in the face of governmental harassment, specifically law enforcement harassment without cause, and a deprivation of normal peace of mind in peaceably and lawfully going about his business on that day.

    C.    He was significantly inconvenienced.

51.    As a result of the wrongful actions of Lieutenant Coleman and Office Does as recited herein above in this Count of this complaint, Clark is entitled to entry of a judgment in his favor against Lieutenant Coleman and Officer Does for compensatory damages.

52.    As a result of the facts recited in this Count of this complaint, there are grounds for this Court to enter a judgment in favor of Clark against Lieutenant Coleman and Officer Does for punitive damages.

53.    As a result of the facts set forth in this Count of this complaint, there are grounds for the Court to enter an order requiring against Lieutenant Coleman and Officer Does to pay the reasonable attorney's fee of Brian Clark's legal counsel for preparing, fling, and

maintaining this Count of this complaint.

**Count Three:  Action against Coleman and Officer Does for Use of Color of State Law To Retaliate for Exercise of Constitutional Rights (A) to Free Speech and (B) to Petition the Government; Seeking Compensatory and Punitive Damages and Attorney's Fees.**

54.     Brian Clark re-avers the facts averred in Counts One and Two of this complaint except

for the averments as to remedy.

55.     The wrongful and malicious actions of Lieutenant Coleman and Officer Does recited in

Count Two of this complaint were motivated, in material part, to retaliate against Brian

Clark for exercise of his rights to petition the government and his right of free speech

recited in paragraph 11 of this complaint.

56.     The wrongful and malicious actions of Lieutenant Coleman and Officer Does recited in

Count Two of this complaint were also motivated, in material part, to retaliate against Brian

Clark for what Lieutenant Coleman and Officer Does believed to have been emails sent

by Brian Clark setting forth highly critical statements of public officials.  Whether or not

Lieutenant Coleman and Officer Does had read some or all of the said emails they

understood to have been sent by Brian Clark, they had heard that Brian Clark had sent

emails highly critical of persons in public positions. Those emails included, but were not

necessarily limited to, the emails included in Exhibit F to Exhibit 4 of this complaint.

Those emails, inter alia, contained highly critical statements of some public officials in

Patrick County, Virginia.  Whether or not such emails were all actually sent by Brian

Clark, and whether or not Lieutenant Coleman and Officer Does had read some or all of

such emails, Brian Clark avers that, because of the emails received by public officials, of

which copies are attached as Exhibit F of Exhibit 4 of this complaint, there had been

discussion among public personnel in Patrick County, Virginia that Brian Clark had sent

emails that were highly critical of public officials.  At the least, Lieutenant Coleman and Officer Does were aware of at least some of the substance of such discussions and believed that Brian Clark had been highly critical of persons in public positions in Patrick County, Virginia and reacted to the same with hostility and malice towards Brian Clark and a decision to retaliate against Brian Clark for what Lieutenant Coleman and Officer Does believed to be statements by Brian Clark highly critical of persons in public positions in Patrick County, Virginia.

57.  The wrongful and malicious actions of Lieutenant Coleman and Officer Does recited in Count Two of this complaint were motivated, in material part, by their belief, as set forth in paragraph 56 of this complaint that Clark had sent emails highly critical of persons in public positions in Patrick County, Virginia.

58.  Because the wrongful and malicious actions of Lieutenant Coleman and Officer Does recited in Count Two of this complaint, motivated, in material part, as recited in paragraph 56 and 57 of this complaint, the said wrongful and malicious actions by Lieutenant Coleman and Officer Does as recited in Count Two of this complaint constituted use of color of state law to retaliate against Brian Clark for emails which, if and to the extent they may have been sent by Brian Clark, constituted lawful exercise of the right of free speech guaranteed by the First Amendment of the U.S. Constitution.

59.  Because of what is averred in paragraph 58 of this complaint, the wrongful and malicious actions of Lieutenant Coleman and Officer Does recited in Count Two of this complaint constituted either retaliation by them against Brian Clark for his actual exercise of his right of free speech guaranteed by the First Amendment of the U.S. Constitution, or statements that Lieutenant Coleman and Officer Does believed to have been made by

Brian Clark, which, if they had been made by him, would have been in exercise of his

right of free speech guaranteed by the First Amendment to the U.S. Constitution, so that,

even to the extent such wrongful actions may have resulted from a misunderstanding, at

least in part, they nevertheless constituted retaliation for what Lieutenant Coleman and

Office Does thought had been exercise of free speech by Brian Clark.

60.  Whether the wrongful and malicious actions by Lieutenant Coleman and Officer Does

were, in material part, based on what is averred in paragraphs 57, 58, and 59 of this

complaint, in any event, such actions constituted use of color of state law to deprive

Brian Clark of his right of free speech guaranteed by the First Amendment of the U.S.

Constitution. .

61.  Whether the wrongful and malicious actions by Lieutenant Coleman and Officer Does

were, in material part, based on what is averred in paragraph 57, 58, and/or 59 of this

complaint, in any event, such actions were intended, in material part, by Lieutenant

Coleman and Officer Does to serve as use of the color of state law to act to deter Brian

Clark from future exercise of his right to freedom of speech guaranteed to him by the

First Amendment to the United States Constitution.

**Count Four: Conditions Under Color of State Law Imposed on Brian Clark for Entry Into the Clerk's Office, Circuit Court of Patrick County, Virginia in Derogation of His Federal Constitutional Rights (A) to Equal Protection Under Law, (B) to Free Speech; (C) to Due Process; and (D) Against Double Jeopardy; Seeking Declaratory Judgment**

62.  Clark re-avers the facts set forth in Counts One, Two, and Three of this Complaint,

except for the averments as to remedy.

63.  Accompanying this complaint marked "Exhibit 4" is a petition for a writ of prohibition

filed on July 6, 2017 by Clark, by counsel, in the Supreme Court of Virginia.

64.  Leaving aside matters regarding the Virginia Freedom of Information Act, Va. Code

Ann. Section 2.2-3700 et. seq. ("the FOIA") and leaving aside references in Exhibit 4 to matters set forth in the Virginia Constitution and matters involving Virginia state law, Clark avers as true and correct the factual matters averred in Exhibit 4.

65.  As a result of the said facts set forth in Exhibit 4, Sheriff Smith, unless it be determined otherwise by a court of competent jurisdiction, during the period from the inception of such oral order until October 25, 2016, was bound to obey the oral order of the Honorable Martin F. Clark, Jr. ("Judge Clark"), Judge of the Circuit Court of Patrick County, Virginia to prevent Clark (through the authority of Sheriff Smith's deputies, who control entry into the courthouse of Patrick County, Virginia) from entering the Clerk's Office of the Circuit Court of Patrick County, Virginia ("the clerk's office").

66.  After Judge Clark's October 25. 2016 letter to counsel for Brian Clark (Exhibit D to Exhibit 4 of this complaint), Sheriff Smith continued to be required (through the aforesaid power of his deputies to control entry into the Patrick County courthouse) to obey Judge Clark's order -- confirmed in writing by the said October 25, 2016 letter – to prevent Brian Clark from entry into the clerk's office, unless accompanied by his legal counsel.

67.  After Judge Clark's letter of May 5, 2017 to Brian Clark's counsel (Exhibit J to Exhibit 4 of this complaint), Sheriff Smith has continued to be required (through the aforesaid power of his deputies to control entry into the Patrick County courthouse) and is currently required to obey Judge Clark's order, as amended by the said May 5, 2017 letter, with the amendment to allow Clark copies of the court records of his case, free of charge, and to allow him to enter the clerk's office, but only on 24-hours' notice or in the company of his legal counsel.

68.   The requirement that Sheriff Smith comply with the restriction against Brian Clark's access to the clerk's office, as amended by Judge Clark's May 5, 2017 order, can only be overruled by an order of a court of competent jurisdiction with the effect of overriding the effect of the current order of Judge Clark as amended by his May 5, 2017 letter.

69.   42 U.S.C. Section 2283 ("the Anti-Injunction Act") precludes any federal court from enjoining a state court proceeding unless pursuant to one of the exceptions set forth in that statute.

70.   Brian Clark contends that the Anti-Injunction Act does not preclude entry of a declaratory judgment such as that sought in this Count of this complaint because of the following:

A.   The order of Judge Clark set forth in his May 5, 2017 letter is not based on any "state court proceeding" as set forth in 42 U.S.C. Section 2283 because neither the oral order by Judge Clark, his confirmation of that order by his October 25, 2016 letter, or his continuation of that order as amended by his letter of May 5, 2017 were pursuant to any complaint, petition, or other pleading filed in the clerk's office, or on the basis of any due process hearing.

B.   The statute under which this case is brought – 42 U.S.C. Section 1983 – is an Act of Congress which can be enforced by this Court in this case as an exception contained in 42 U.S.C. Section 2283.  The prior oral order by Judge Clark, as amended by Judge Clark's October 25, 2016 letter and as amended by his May 5, 2017 letter have constituted  orders under color of state law that have, in effect (although Brian Clark makes no averment of the intent of any court -  (a) punished Brian Clark for exercise of his rights of free speech guaranteed by the First Amendment  to the U.S.

Constitution; (b) denied  Brian Clark equal treatment under the law guaranteed by

the Fourteenth Amendment to the U.S. Constitution (because the condition that he

only enter the clerk's office on 24 hours advance notice or accompanied by his legal

counsel treats him differently from other members of the general public without any

rational basis); and (c) constitutes a quasi-criminal punishment without due process

and, as to an email dated  July 14, 2016 ("the July 14, 2016 email") attached as a

part of Exhibit H to Exhibit 4 to this complaint, in violation of the prohibition

guaranteed by the Fifth Amendment against double jeopardy  --because he was tried

and found not guilty of contempt of court as to that email.  For reasons including but

not limited to the fact that the limitation on Clark's access to the clerk's office is

indefinite, the said limitation has the effect  of judicial action under color of state

law, based in material part, because of Brian Clark's prior exercise of free speech,

guaranteed by the First Amendment to the federal constitution, thereby constituting

an action under color of state law with the effect of deterrence of that federal

constitutional right of free speech.  The state court order that is Exhibit J to Exhibit 4

to this complaint, by necessary implication, indicated that Judge Clark considered

the order that is Exhibit J to Exhibit 4 to be appropriate on grounds it was not based

on any exercise of free speech, rather statements in emails and pleadings that

constituted an abuse of free speech.  In this Count of this complaint, Brian Clark

seeks a declaratory judgment, in part, (i) on the basis of his averment that the

statements in Exhibit F to Exhibit 4 considered by Judge Clark to have been sent by

Brian Clark) if they had been sent by him, would have constituted free speech

protected by the First Amendment to the federal constitution; and (ii) on the basis of

his averment that the statements in Exhibit G to Exhibit 4 (among the pleadings filed by Brian Clark in state court proceedings), constituted free speech protected by the First Amendment to the federal constitution.  In this Count of this complaint, Brian Clark avers that Exhibit J to Exhibit 4 to this complaint is based, in material part, on a mistaken premise that the statements in Exhibits F and G of Exhibit 4 to this complaint do not come within the free speech protection of the First Amendment of the federal constitution.  On grounds that Exhibit J to Exhibit 4 of this complaint is premised on a mistaken view that such statements are not protected free speech under the First Amendment to the federal constitution, and on the basis that those statements did come within such free speech protection of the federal constitution, Brian Clark avers that Exhibit J to Exhibit 4 of this complaint constitutes a denial and deterrence of his free speech rights guaranteed by the federal constitution, and that, therefore, Exhibit J to Exhibit 4 of this complaint constitutes a judicial order under color of state law that deprives him of his federal constitutional right of free speech.  As regards the July 14 email, the language in that email is not free speech protected by the First Amendment to the federal constitution; however, to the extent Exhibit J of Exhibit 4 is based on the July 14, 2016 email, Exhibit J to Exhibit 4 to this complaint constitutes denial of Brian Clark's right to due process in any denial of liberty under the Fourteenth Amendment to the federal constitution and his right against double jeopardy guaranteed by the Fifth Amendment to the federal constitution (because he was found not guilty on a contempt charge based on that email).

71.     The facts which Exhibit 4 averred constitute denial of what Brian Clark averred therein

constituted denial of what he averred were his rights under the Virginia Constitution
based on Article 1 of that constitution providing that all men are "equally free" also and
separately constituted denial  -- by means of Exhibit J to Exhibit 4 of this complaint, of
Brian Clark's right under the Fourteenth Amendment of the federal constitution that
provides that no state may deprive any person of "the equal treatment of the laws."
Exhibit J to Exhibit 4 to this complaint constituted a judicial order under color of state
law which deprived Brian Clark of the "equal treatment of the laws" because, based on
no hearing, no evidentiary process, and no provision of law, ordered that he be treated as
to a public matter and as to his access to a public place differently and adversely to the
treatment on the same matter of all other members of the general public.

72.     The facts which Exhibit 4 to this complaint averred constituted denial of his right of free
speech under Section 12 of the Virginia Constitution, also and separately constituted
denial – by means of Exhibit J to Exhibit 4 to this complaint – of Brian Clark's right of
free speech guaranteed by the First Amendment to the federal constitution, because
Exhibit J of Exhibit 4 has had the effect (although Brian Clark does not herein set forth
any averment of motives of any judge) of placing restrictions on Brian Clark's entry into
a public place because of his past exercise of free speech, thereby constituting a
deterrence to free speech in the future.

73.     The facts which Exhibit 4 averred constituted denial of right to due process and against
double jeopardy under Section 8 of the Virginia Constitution, also and separately
constitutued denial of Brian Clark's due process rights under the Fourteenth Amendment
of the federal constitution and his right against double jeopardy guaranteed by the Fifth
Amendment of the federal constitution.

74.   Brian Clark's federal constitutional rights as to the enforceability of Exhibit J to Exhibit 4 to this complaint are in doubt and in jeopardy.

75.   For the reasons set forth herein above in this Count of this complaint, Brian Clark is entitled to entry of a declaratory judgment that Exhibit J to Exhibit 4 to this complaint is unenforceable by Sheriff Smith because such enforcement constitutes action under color of state law that deprives Brian Clark of his rights guaranteed by the federal constitution (a) of free speech (First Amendment); (b) to equal treatment under the laws (Fourteenth Amendment) and (c) to due process (Fourteenth Amendment) and against double jeopardy (Fifth Amendment).

## VI.   Call for Trial by Jury

76.   As to Counts One, Two, and Three, Brian Clark calls for trial by jury.

## VII.   Conclusion

Wherefore, Brian Clark prays that the Court:

A.   Enter a judgment in his favor against Hazelwood for compensatory and punitive damages, and for attorney's fees based on Count One of this complaint.

B.   Enter a judgment in his favor against Lieutenant Coleman and Officer Does for compensatory and punitive damages, and for attorney's fees based on Counts Two and Three of this complaint.

C.   Based on Count Four of this complaint, enter a declaratory judgment that Exhibit J to Exhibit 4 to this complaint is void and therefore unenforceable by Sheriff Smith because such enforcement constitutes action under color of state law to deprive Brian Clark of his (i) right of free speech guaranteed by the First Amendment to the federal constitution; (ii) right to equal treatment under the laws

guaranteed by the Fourteenth Amendment to the federal constitution; and (iii)

right to due process guaranteed by the Fourteenth Amendment to the federal

constitution and against double jeopardy guaranteed by the Fifth Amendment of

the federal constitution.

Respectfully submitted,

**BRIAN H. CLARK,**

By: /s/ Henry W. McLaughlin
Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804) 205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Brian H. Clark*