CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 16 2018

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BRIAN H. CLARK, | |
| Plaintiff, | Case No. 4:17-cv-00045 |
| v. | **MEMORANDUM OPINION** |
| ROB COLEMAN, et al., | By: Hon. Jackson L. Kiser |
| Defendants. | Senior United States District Judge |

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Ronnie Williams, Jr., Dustin Dillon, Shawn Keffer, and Tyler Wilson (collectively, "Defendants"). The matter was fully briefed by the parties [see ECF Nos. 78, 85, & 86]. I have reviewed the evidence, arguments of counsel, and applicable law. The matter is ripe for disposition. For the reasons stated here, Defendants' Motion for Summary Judgment will be granted.

**I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

The facts are adequately recounted in my Opinion dated August 14, 2018. [ECF No. 89.]

As to the present Motion, the only additional facts that merit recitation are that none of parties to the Motion were aware of a plan to "take down" Plaintiff. No one has identified them as being party to the conversation in which the plan to "take down" Plaintiff was discussed. On the day in question, Williams arrived at the scene of Plaintiff's traffic stop after Coleman had pulled over the vehicle. (Ronnie Williams Decl. ¶ 8, July 6, 2018 [ECF No. 78-2.] Williams did not pull Plaintiff over. The same is true of Dillon and Wilson; both arrived on the scene later but neither of them were involved in the stop. (Dustin Dillon Decl. ¶ 8, July 23, 2018 [ECF No. 78-4]; Tyler Wilson Decl. ¶ 8, July 13, 2018 [ECF No. 78-6].) Williams, Dillon, and Wilson,

however, *were* present in the courthouse the day the alleged conversation took place among Coleman and other unnamed deputies about a plan to take Plaintiff "down."

Keffer was not present in the courthouse on July 25, 2016, but he did arrive on the scene of Plaintiff's traffic stop after Coleman had pulled Plaintiff over. (Shawn Keffer Decl. ¶¶ 7–8, July 23, 2018 [ECF No. 78-5].) Keffer served Plaintiff with the "no trespass" notice. (Id. ¶ 9.) It is unclear from Keffer's declaration, however, why he had a copy of the "no trespass" notice when he asserts that, "because [he] was close to the location of the stop, [he] drove to the stop to act as a backup to then-Lieutenant Coleman." (Id. ¶ 8.)

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); George & Co. LLC v. Imagination Entm't Ltd., 575 F.3d 383, 392 (4th Cir. 2009). A genuine dispute of material fact exists "[w]here the record taken as a whole could…lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks and citing reference omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute cannot be created where there is only a scintilla of evidence favoring the nonmovant; rather, the Court must look to the quantum of proof applicable to the claim to determine whether a genuine dispute exists. Scott, 550 U.S. at 380; Anderson, 477 U.S. at 249−50, 254. Not every factual dispute will defeat a summary judgment motion; there must be a *genuine* dispute over a *material* fact. Anderson, 477 U.S. at 247–48. A fact is material where it might affect the outcome of the case in light of the controlling law. Id. at 248. On a motion for summary judgment, the facts are taken in the light most favorable to the non-moving party insofar as there is a genuine dispute about those facts. Scott, 550 U.S. at 380. At this stage,

however, the Court's role is not to weigh the evidence, but simply to determine whether a genuine dispute exists making it appropriate for the case to proceed to trial. Anderson, 477 U.S. at 249.

### III. DISCUSSION

Defendants are all named in Count II, which alleges a deprivation of rights under 42 U.S.C. § 1983, and Count III, which alleges First Amendment retaliation. Because the facts are lacking as to all Defendants, the claims are addressed as to Defendants jointly.

Count II asserts a cause of action under 42 U.S.C. § 1983. "Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution of the laws of the United States." Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). In order to maintain a prima facie case under § 1983, a plaintiff must present facts showing that he was (1) deprived of a right secured by the Constitution or laws of the United States, and that (2) the alleged deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003).

The only deprivation Plaintiff alleges is the July 25 traffic stop. There is no doubt that a traffic stop, no matter how brief, is a constitutional seizure. Whren v. United States, 517 U.S. 806, 809–10 (1996) ("Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of" the Fourth Amendment.). Plaintiff has failed, however, to offer evidence that any of the Defendants "seized" him. By his own admission, it was then-Lieutenant Rob Coleman who effectuated the traffic stop on July 25.

Generally speaking, a "seizure is a single act, and not a continuous fact." Riley v. Dorton, 115 F.3d 1159, 1161-63 (4th Cir. 1997) (en banc) (collecting cases); see also Bell v. Wolfish, 441 U.S. 520, 533-34 (1979); Robles v. Prince George's Cnty., 302 F.3d 262, 267-69 (4th Cir. 2002); Waddle v. Claughton, No. 4:18cv00010, 2018 WL 3130444, at *5 (W.D. Va. June 26, 2018); Wofford v. Evans, No. 7:02cv00762, 2002 WL 32985799, at *3 (W.D. Va. Dec. 17, 2002). Thus, the seizure of Plaintiff was complete when Lt. Colemen pulled over Richardson's vehicle. Those officers who arrived on the scene after the fact did not seize Plaintiff, and thus Plaintiff fails to establish the violation of any constitutional right by Defendants Williams, Wilson, Dillon, or Keffer.

To be sure, under a conspiracy claim under § 1983, mere acquiescence can lead to liability. See, e.g., Hafner v. Brown, 983 F.2d 570, 576–77 (4th Cir. 1992). But Plaintiff has failed to show the necessary elements of a conspiracy under § 1983. "In a conspiracy claim under Section 1983, there must be a showing that the defendants conspired or acted jointly or in concert at that some overt act was done in furtherance of the conspiracy, which resulted in plaintiff being deprived of the constitutional right . . . ." Id. at 577. "The critical element is whether there was a meeting of the minds to accomplish the unlawful act." Id. Here, Plaintiff has offered no evidence that Williams, Wilson, Dillon, or Keffer knew or consented to the alleged plan to "take down" Plaintiff. No one has identified them as being part of the small group discussing the "plan" in the clerk's office. Absent knowledge of the plan, Plaintiff cannot succeed in showing a meeting of the minds to join in the conspiracy. His claim under § 1983, either as a direct action or as one alleging a conspiracy, must fail.

As to Count III, which alleges First Amendment retaliation, Defendants are entitled to summary judgment as Plaintiff has failed to offer any evidence that Defendants were aware of

Plaintiff's statements "that were critical of Patrick County public officials." (Compl. ¶ 14.) A plaintiff seeking to recover for First Amendment retaliation must show that "(1) [he] engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendants' conduct." Constantine, 411 F.3d at 499. "In order to establish this causal connection, a plaintiff in a retaliation case must show, at the very least, that the defendant was aware of [his] engaging in protected activity." Id. at 501 (citing Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998)). Because there is no evidence that Defendants were aware of Plaintiff's protected speech, summary judgment is appropriate as to Count III.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has failed to offer evidence that Defendants deprived him of any constitutional right, that they were aware of the alleged "plan" to take down Plaintiff, or that they were aware of his protected conduct sufficient to establish a claim for retaliation. Defendants will be granted summary judgment on all counts.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 16th day of August, 2018.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE