CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 01 2020
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BRIAN H. CLARK, | ) | |
| | ) | Civil Action No. 4:17-cv-00045 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROB COLEMAN, | ) | By:  Hon. Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff Brian H. Clark's motion for attorney's fees. ECF No. 158. Clark seeks attorney's fees in the amount deemed reasonable by the court. Defendant Rob Coleman opposed the motion, ECF No. 161, and the matter is ripe for resolution. For the following reasons, Clark's motion for attorney's fees is **GRANTED in part**, and the court **AWARDS** attorney's fees and expenses in the amount of $3,396.

I.

The Civil Rights Attorney's Fees Awards Act of 1976 provides that a prevailing party in certain civil rights actions may receive "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Supreme Court has directed that the purpose of § 1988 is to ensure meaningful and effective access to the judicial system for persons with civil rights grievances, and thus, a successful plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). To qualify as a "prevailing party," the plaintiff must "obtain at least some relief on the merits of his claim." Farrar v. Hobby, 506 U.S. 103, 111 (1992). "The touchstone of the

prevailing party inquiry must be the material alteration of the legal relationship of the parties." Id. (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792–93 (1989)).

Once a party is deemed to be the prevailing party, the Fourth Circuit provides a three-step process to determine a reasonable attorney's fee award. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014). First, the court calculates the lodestar figure by "multiplying the number of reasonable hours expended times a reasonable rate." Id. (quoting Robinson v. Equifax Info. Servs., 560 F.3d 235, 243 (4th Cir. 2009)). To judge the "reasonableness" of both the hours expended and rate charged by the prevailing party's attorneys, a court must apply twelve factors identified by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), and adopted in this circuit by Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978). The twelve Johnson factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

Robinson, 560 F.3d at 243–44. After calculating the lodestar figure, the court must then subtract fees for time spent on any unsuccessful claims unrelated to successful claims. McAfee,

738 F.3d at 88. Finally, the court awards a percentage of the remaining amount based on the prevailing party's "degree of success" on their claims. Id. (citing Robinson, 560 F.3d at 244).

## II.

As addressed in the March order and accompanying memorandum opinion, the court found that Clark constituted a prevailing party eligible to obtain attorney's fees. ECF No. 156. The next step in calculating a reasonable hourly rate upon which to determine the "lodestar" figure "by multiplying the number of reasonable hours expended times a reasonable rate." McAfee, 738 F.3d at 88 (quoting Robinson, 560 F.3d at 243). Clark's counsel moves for attorney's fees in the amount the court so determines, based on his usual hourly rate of $500. Declaration in Support, ECF No. 159-1, at 1; Retainer, ECF No. 159-3. Coleman disagrees, arguing that an hourly rate of $350 is more appropriate. ECF No. 161, at 4-5. The court agrees with Coleman.

A party entitled to recover attorney's fees " bears the burden of establishing the reasonableness of the hourly rates requested." Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987). "The reasonable rate is 'to be calculated according to the prevailing market rates in the relevant community.'" LaFleur v. Dollar Tree Stores, Inc., 189 F.Supp.3d 588, 596 (E.D. Va. 2016) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). This is generally accomplished "through affidavits from disinterested counsel, evidence of awards in similar cases, or other specific evidence that allows the court to determine 'actual rates which counsel can command in the [relevant] market.'" Project Vote/Voting for America, Inc. v. Long, 887 F.Supp.2d 704, 710 (E.D. Va. 2012) (quoting Spell, 824 F.2d at 1402). "The relevant market for determining

the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994).

Here, Clark's attorney provides little by way of evidence through which the court can base a reasonable rate finding, beyond a sworn declaration stating that $500 represents his usual hourly rate and a retainer agreement between Clark and counsel that reflects the same $500 hourly rate. Declaration in Support, ECF No. 159-1, at 1; Retainer, ECF No. 159-3. The court finds $500 to be outside the range of a reasonable hourly rate for a case of this sort in this district. Fee awards granted in other cases in this district suggests that a reasonable hourly rate of $350 is more appropriate for an uncomplicated civil rights case such as this. See e.g. Berthiaume v. Doremus, No. 6-13-CV-00037, 2014 WL 2616990, at *7 (W.D. Va. June 12, 2014) (finding $350 reasonable for a managing attorney in a disability rights lawsuit); Sky Cable, LLC v. Coley, No. 5:11CV00048, 2014 WL 4407130, at *4 (W.D. Va. Sept. 8, 2014) (capping the hourly rate for partners to $350 in a Federal Communications Act civil action resulting in a judgment for over $2 million); Hudson v. Pittsylvania Cty., Va., No. 4:11CV00043, 2013 WL 4520023, at *4 (W.D. Va. Aug. 26, 2013), aff'd, 774 F.3d 231 (4th Cir. 2014) (reducing a requested hourly billing rate for a partner in a constitutional matter to $350); Supinger v. Virginia, No. 6:15-CV-17, 2019 WL 1450530, at *3 (W.D. Va. Mar. 4, 2019), report and recommendation adopted as modified, No. 6:15-CV-00017, 2019 WL 1446988 (W.D. Va. Mar. 31, 2019) (finding an hourly rate of $350 reasonable in an employment law action); Hurd v. Cardinal Logistics Mgmt. Corp., No. 7:17-CV-00319, 2019 WL 6718111, at *4 (W.D. Va. Dec. 10, 2019) (finding $350 a reasonable rate for an experienced attorney in a disability matter for the Roanoke community); Lusk v. Virginia Panel Corp., 96 F. Supp. 3d 573, 582 (W.D. Va.

2015) (finding $300 a reasonable hourly rate for an experienced employment law attorney in Harrisonburg). Under a Johnson framework, a fee of $350 is reasonable given the complexity and novelty of the issues presented (Johnson factor 2), the skill required to properly perform the legal services rendered (Johnson factor 3), the customary fee for the work performed (Johnson factor 5), and the attorneys' experience, reputation, and ability (Johnson factor 9). Doe v. Alger, No. 5:15-CV-35, 2018 WL 4659448, at *4 (W.D. Va. Jan. 31, 2018), report and recommendation adopted in part, rejected in part, No. 5:15-CV-00035, 2018 WL 4655749 (W.D. Va. Sept. 27, 2018).

However, the court will discount the $350 hourly rate by fifty (50) percent for time spent traveling. "Courts routinely compensate attorneys for travel time, but at a reduced rate." Stultz v. Virginia, No. 7:13-CV-589, 2019 WL 4741315, at *8 (W.D. Va. Aug. 15, 2019), report and recommendation adopted as modified, No. 7:13-CV-00589, 2019 WL 4740241 (W.D. Va. Sept. 27, 2019); See e.g. Prison Legal News v. Stolle, 129 F. Supp. 3d 390, 403–04 (E.D. Va. 2015) (reducing hourly rate for traveling from $450.00 to $200.00, which "[struck] an appropriate balance between the task billed, driving a car (which requires no legal skills of any kind), and counsel's opportunity costs of such travel-time"); Project Vote/Voting for Am., Inc. v. Long, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012) (holding that "counsel should not recover their full market rate for travel"); Rosenberger v. Rector & Visitors of Univ. of Va., Civ. A. No. 91-0036-C, 1996 WL 537859, at *6 (W.D. Va. Sept. 17, 1996) (holding counsel should not recover the same fee for travel time as for active legal work). Moreover, Johnson factor 3, which requires the court to discount hourly rates based on the skill required to perform the work, supports applying a discounted hourly rate of $175 to travel time.

The court must next determine the number of hours reasonably expended by counsel for Clark. A prevailing plaintiff typically receives a "fully compensatory fee," though hours may be adjusted for duplicative hours or hours unrelated to the successful claims. See Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174 (4th Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). In this case, counsel for Clark provided a declaration calculating the total hours spent representing Clark on the claims in which he prevailed against Coleman and included a reconstructed billing report with descriptions of the work performed and time taken per task. ECF No. 159-1. His work included filing witness and exhibit lists, taking depositions, defending depositions, filing motions, proposing jury instructions, participating in oral arguments on motions, preparing for trial, participating in the two-day trial, and filing post-trial papers. Id. The number of hours in his reconstruction total 52.5.

Coleman argues that Clark's fee warrants a 10% reduction because his "reconstructions" of work "lack any indicia of reliability." "It is important to recognize that billing practices in the private sector may differ from those acceptable in a § 1983 case, as a fee-shifting statute requires transparency and consistency in determining fees to award to a prevailing party." Supinger v. Virginia, No. 6:15cv17, 2019 U.S. Dist. LEXIS 55612, at *23 (W.D. Va. Mar. 4, 2019) (citing Guidry v. Clare, 442 F. Supp. 2d 282, 295 (E.D. Va. 2006)). The court recognizes the importance of transparency but given its familiarity with this case and the reasonableness of the reconstruction, it finds no reason to doubt the alleged hours spent. However, as Clark has not distinguished time spent on legal work versus travel, the

court calculated travel time based on the distances between counsel for Clark's office and the relevant locations for billed activity.[1] Its findings are reproduced below.

| Date | Activity | Total Hours Claimed | Legal Hours Calculated | Traveling Hours Calculated |
|---|---|---|---|---|
| 9/4/18 | Filing of witness and exhibit list | 0.5 | 0.5 | |
| 9/5/18[2] | Taking depositions of Carolyn Cobbler, defending deposition of Brian Clark | 8.5 | 1.3 | 7.2 |
| 3/28/19 | Defending deposition of Wendy Inzerelli, Beth Richardson, and Denise Freeman | 7 | 1.4 | 5.6 |
| 7/1/19 | Memorandum opposing motion in limine | 1 | 1 | |
| 7/8/19 | First proposed jury instructions | 1.5 | 1.5 | |
| 7/8/19 | Oral arguments on motions in limine and meeting with Magistrate Judge on potential settlement | 8 | 2.4 | 5.6 |
| 7/14/19 | Preparation for trial | 3 | 3 | |
| 7/15/19 | Trial | 15[3] | 10 | 5 |
| 7/16/19 | Trial | 4.5[4] | 5 | 5 |
| 8/12/19 | Preparation for filing Rule 58 motion and supporting memorandum[5] | 2 | 2 | |
| 9/19 | Preparation of reply to memorandum in opposition to Rule 59 motion and motion and memorandum seeking leave to file late reply | 1.5 | 1.5 | |
| Total | | | 29.6 | 28.4 |

---

[1] The court relied on Google Maps to calculate travel time. The court finds this approach to be sufficiently reliable, given the lack of contemporaneous records.
[2] Incorrectly listed as "9-5-19" in Clark's petition. ECF No. 159-1, at *2.
[3] The court will allocate the 15 hours claimed for the first day of trial as follows. Trial: 10 hours; Travel 5 hours.
[4] Based on the court's records, court was in session for nearly 5 hours on the second day of trial. The court will award 5 hours for trial and 5 hours for travel. The court will assume counsel neglected to add travel time, given that he cites two trips to Danville in requesting reimbursement for mileage.
[5] Counsel for Clark lists this as a Rule 58 motion, but the court understands this to reference work done on the Rule 59 motion filed.

Legal Hours: 29.6 hours x $350 rate = $10,360

Travel Hours: 28.4 x $175 = $4,970

Lodestar Amount: $10,360 (legal work fees) + $4,970 (travel time fees) = $15,330

### III.

A strong presumption exists that the "lodestar number represents a reasonable attorney's fee" and "this presumption can only be overcome in those rare circumstances where the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." McAfee v. Boczar, 738 F.3d 81, 88–89 (4th Cir. 2013) (quoting Perdue v. Kenny, 130 S.Ct. 1662, 1673 (2010)), as amended (Jan. 23, 2014). At the same time, however, the Fourth Circuit's three-step process to calculate attorney's fees allows the court to make certain adjustments to the lodestar figure. In the final step of the fee analysis, a court may further reduce the remaining fee amount by a percentage reflecting the prevailing party's "degree of success" in their claims. See, e.g., Robinson v. Equifax Info. Servs., 560 F.3d 235, 244 (4th Cir. 2009). "[T]he degree of success obtained by the plaintiff is the 'most critical factor' in determining the reasonableness of a fee award." Lilienthal v. City of Suffolk, 322 F. Supp. 2d 667, 675 (E.D. Va. 2004) (quoting Hensley v. Eckerhart, 461 U.S. Case 4:11-cv-00043-MFU-RSB 424, 436–37 (1983)). A court must ask whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." McAfee, 738 F.3d at 92 (quoting Hensley, 461 U.S. at 439–40).

Generally, courts begin by "compar[ing] the amount of damages sought to the amount awarded." McAfee, 738 F.3d at 93 (quoting Mercer v. Duke Univ., 401 F.3d 199, 204 (4th Cir. 2005)). In this case, as noted in this court's March order and accompanying opinion, the

primary relief Clark sought was punitive damages against Coleman, more or less conceding the minimal nature of any compensable injury. However, the court held that punitive damages were not available in this lawsuit, rendering that avenue of relief unavailable. ECF No. 156. While Clark did win a symbolic vindication of his constitutional rights against Coleman and helped set guiding precedent at the intersection of two constitutional rights, the relief he obtained was far less than he originally sought. Having paid $7,500 upfront for counsel's services in this matter, Clark obtained only a nominal damage award of $1. Accordingly, the court finds Coleman's request for a 30% reduction applied to the lodestar amount warranted. ECF No. 161, at 10. "This reduction is sufficient to avoid a windfall to counsel while not so extreme as to discourage counsel from taking on similar cases in the future." Hurd v. Cardinal Logistics Mgmt. Corp., No. 7:17-CV-00319, 2019 WL 6718111, at *9 (W.D. Va. Dec. 10, 2019). A 30% reduction of the lodestar amount ($15,330) is $10,731. Finally, given that Clark has already paid counsel $7,500 for attorney services, the court credits this amount against what counsel is owed. The court awards counsel $3,231 in attorney's fees.

Finally, under § 1988, a prevailing plaintiff in a civil rights action is also entitled to recover "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." Wyatt v. Owens, No. 7:14-CV-492, 2018 WL 10613184, at *13 (W.D. Va. Jan. 23, 2018) (quoting Spell v. McDaniel, 852 F.2d 762 (4th Cir. 1988). Counsel for Clark represents his costs amount to $665, accounting for the out of pocket costs related to representation on successful claims that were not included in the Bill of Costs submit to the court. Compare Bill of Costs, ECF No. 157 with Declaration in Support ECF No. 159-1. The court credits the $500 counsel for Clark

received from his client specifically for out of pocket legal expenses, pursuant to his Retainer Agreement. The court awards counsel for Clark $165 in recoverable costs.

For the reasons set forth above, the court will grant in part Clark's motion for an award of reasonable attorney's fees in the amount of $3,231 and out of pocket expenses in the amount of $165, for a total award of $3,396.

An appropriate Order will be entered.

ENTERED: April 30, 2020

_____
Hon. Michael F. Urbanski
Chief United States District Judge